IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Charles Conroy,<br><br>        Plaintiff,<br><br>v.<br><br>Centurion, et al.,<br><br>        Defendants. | No. CV-21-00685-PHX-DJH (DMF)<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to Amend his First Amended Complaint (Doc. 63) and lodged Proposed Second Amended Complaint ("SAC") (Doc. 64). Plaintiff seeks to add a Count II retaliation claim and five additional defendants. (Doc. 63). Defendants filed a Response. (Doc. 82, 90). Plaintiff has replied. (Doc. 95).

Magistrate Judge Deborah M. Fine issued a Report & Recommendation ("R&R") recommending that Plaintiff's Motion be denied based on the court's finding that the motion was untimely pursuant to the Court's Scheduling and Discovery Order and because the proposed claim involved five new defendants about separate events that occurred during the pendency of this lawsuit and would unduly delay the progress of the case. (Doc. 108 at 7–8). Plaintiff filed an objection. (Doc. 126). Upon consideration of the R&R and Plaintiff's objection thereto, this Court will accept and adopt Magistrate Judge Fine's R&R. (*Id.*)

**I.     R&R**

In his proposed SAC, Plaintiff seeks to add a Count II for a different retaliation claim than the retaliation claims dismissed by the Court related to purported threats to discontinue Plaintiff's hepatitis C virus ("HCV") treatment. (*Id.* at 3). Plaintiff alleges several potential "ADC defendants spread rumors with the 'heads' of two prominent prison gangs, (among others), at South Unit that: 'Plaintiff is a Snitch.'" (*Id.*) The only overlap in defendants is Defendant Castorena. (*Id.*) But even there, Plaintiff's claim does not relate to Plaintiff's HCV treatment. (*Id.*) Instead, Plaintiff alleges Defendant Castorena retaliated against him for filing this lawsuit by "spreading rumors" that Plaintiff is a "snitch." (*Id.*) The R&R thus finds that the proposed SAC goes far afield from the issues and parties already in this case, which regard Plaintiff's HCV treatment. (*Id.* at 6). It further finds the additional Count II of the proposed SAC deals with alleged retaliation for legal preparation of a separate case from this one and other matters unrelated to Plaintiff's HCV treatment. (*Id.*) The R&R concludes that Plaintiff will not be prejudiced by the denial of his motion to amend because Plaintiff can simply file his potential claims in Count II as another and separate lawsuit. (*Id.* at 8).

## II.     Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

## III.    Discussion

Plaintiff timely filed an objection, wherein he elaborates on the proposed Count II and the connection these new defendants have with his previous allegations. (Doc. 126 at 2). Although Plaintiff concedes that he knew of the claim he seeks to raise in the proposed Count II before the deadline to amend expired, he nonetheless argues he "could not prove

these claims at that time, and it wasn't until recently that ADOC began transferring inmates from South Unit, to Cook Unit!" (*Id.*) Plaintiff argues he believed he met the Court ordered deadline of October 4, 2021, and his delay had cause because he needed to obtain evidence. (*Id.*) He attaches a recently obtained witness affidavit dated October 2, 2021, and November 15, 2021. (*Id.* at 10–11). Plaintiff says it was not until after he filed this lawsuit that the defendants' he seeks to add began spreading rumors that Plaintiff "is a snitch" and endangered his life. (*Id.* at 3). Plaintiff further argues the addition of these ADOC defendants will not cause an undue delay because Plaintiff "just now (Jan. 11, 2022) received ADOC defendant Castorena's discovery responses." (*Id.* at 7). It was these responses, Plaintiff argues, that allowed him to "formulate ADOC defendant Williams and Thielman discovery requests." (*Id.*)

Plaintiff's objections are without merit. As discussed in the R&R, Plaintiff's allegations in Count II of his proposed SAC against the new proposed Defendants occurred before the October 4, 2021, Scheduling Order deadline. Indeed, the "numerous grievances" that Plaintiff recalls submitting against proposed new Defendant Martinez occurred in 2019. (*Id.* at 5). Plaintiff avers in his proposed SAC that Martinez "told several inmates that: 'Conroy is testifying in court" and is a snitch "in close proximity in time to" his previous complaints and Plaintiff's "commandeering of Martinez's office for [Plaintiff's] personal use" in April 2021. (*Id.*) The R&R finds Plaintiff's allegations reflect that Plaintiff knew of his SAC Count II claim against Defendants Castorena, Knabel, and Moore in April 2021. (*Id.*) The R&R further finds by Plaintiff's own allegations, he was aware of the alleged retaliation by proposed SAC Count II Defendants Young and Williams in May 2021. (*Id.*) Thus, the R&R concludes that Plaintiff did not comply with the Scheduling and Discovery Order because he did not file his motion to amend and proposed SAC within the deadline. (*Id.*)

In Plaintiff's Objection, he argues it was on April 27, 2021, that SSU Michael Castrejon wrote an information report and told Plaintiff he received information of "threats on plaintiff's life because plaintiff sent an inmate a letter to Castorena snitching on various

1  gang members." (Doc. 126 at 3). Again, however, this date precedes the October 4, 2021, Scheduling Order deadline. Plaintiff could have filed his motion before the deadline and added this claim. Plaintiff says it was "within hours of submitting this lawsuit to ADOC Corrections Officer Rubionis . . . and Castorena and Martinez, [that they] began labeling plaintiff a snitch and attempted to have plaintiff killed." (*Id.* at 4). But Plaintiff admits that the "kill on sight orders" were allegedly issued on April 27, 2021. (*Id.*) Plaintiff was then "sent to the hole 'pending protective custody approval.'" (*Id.* at 5).

On May 17, 2021, the warden found Plaintiff's allegations "unsubstantiated." (*Id.* at 6). Thereafter, Deputy Warden Adam Young recommended protective custody be denied and sent Plaintiff back to general population. (*Id.*) Plaintiff claims Deputy Warden Young issued a biased recommendation and that the Protective Custody Coordinator, Shannon Williams, upheld the denial of the protective custody. (*Id.*) Plaintiff says he has evidence to support the denial was biased and points the Court to Exhibit 3. This exhibit, however, simply confirms Plaintiff did not waive his appeal of the custody order denial. (*Id.* at 16). All the conduct at issue here preceded the Court's Scheduling Order deadline. Plaintiff's objections and explanations therein do not prove otherwise. The Court agrees with the R&R that Plaintiff will not be prejudiced by the denial of his motion to amend. Plaintiff can simply file his potential claims in Count II in a separate lawsuit.

The Court has reviewed the entirety of the R&R and the applicable law. The Court finds the R&R and its conclusions are supported by a correct application of the law. The Court will thus adopt the R&R and will deny Plaintiff's Motion to Amend his First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Fine's Report and Recommendation (Doc. 108) is **accepted** and **adopted** in full as the Order of this Court.

///

///

///

- 4 -

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the First Amended
2  Complaint (Doc. 63) and to file the lodged proposed Second Amended Complaint (Doc.
3  64) are **denied**.
4    Dated this 4th day of April, 2022.

*[Signature]*
Honorable Diane J. Humetewa
United States District Judge